UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MILTON (DUKE) FRANCIS DUVALL, III, and DUVALL MARKETING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ECOQUEST INTERNATIONAL, INC., ECOQUEST INTERNATIONAL HOLDING COMPANY, MICHAEL JACKSON, NATALIE (NADA) JACKSON, DONALD BENNETT, MARC KLONER, JACK WILDER, MITCHELL TOLLE, LEE ROPER, ROY KEITH, BEST INVESTMENTS a/k/a HRT INVESTMENT, INC., NETWORK ENTERPRISES, INC., CONJACK, INC., a/k/a CONJACK ENTERPRISES, L.L.C., MOUNTAIN EMPIRE PROPERTY, L.L.C., M&N CONSULTANTS, and AIR PARTNERS INVESTMENT GROUP, INC., <br><br> Defendants. | No. 4:06 CV 1168 DDN |

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of defendants Ecoquest International, Inc., Ecoquest International Holding Company, Michael Jackson, Natalie Jackson, Donald Bennett, Marc Kloner, Jack Wilder, Mitchell Tolle, Lee Roper, Roy Keith, Best Investments, a/k/a HRT Investment, Inc., Network Enterprises, Inc., Conjack, Inc., a/k/a Conjack Enterprises, L.L.C., Mountain Empire Property, L.L.C., M & N Consultants, and Air Partners Investment Group, Inc., to alter or amend the court's order. (Doc. 39.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 35.)

**I. BACKGROUND**

Plaintiffs Milton (Duke) DuVall and DuVall Marketing, Inc., filed a 10-count complaint against the defendants alleging claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§

1961-1967, and state law claims, seeking monetary damages and injunctive relief.  On August 14, 2007, this court ruled on the defendants' motion to dismiss.  (Doc. 37.)

## II.  MOTION TO AMEND

In their motion to amend, the defendants point to three issues they believe deserve clarification.  First, the defendants ask the court to clarify whether Roy Keith was intentionally omitted from the list of individuals named in page seven of the opinion.  Second, the defendants ask the court to clarify whether it dismissed any of the claims within Count II of the complaint.  Finally, the defendants ask the court to analyze the defendants' motion to dismiss the derivative actions on the merits, rather than on the jurisdictional question.  (Doc. 40.)  In response, Duke DuVall argues Roy Keith should not be dismissed and that the derivative actions were properly pled and should not be dismissed. (Doc. 44.)

## III.  DISCUSSION

**Roy Keith**

The complaint pleads sufficient facts that Roy Keith held a position that enabled him to participate in the operation of EcoQuest, a purported member of an enterprise.  The omission of Roy Keith on page seven of the opinion was therefore unintentional.  He is not dismissed.

**Count II**

Count I was dismissed because each of the five alternative claims is legally insufficient.  In Count II, only one alternative was legally insufficient, i.e., ¶ 186 of the complaint.  Since two of the alternatives were legally sufficient, i.e., ¶¶ 187 and 188 of the complaint, Count II was not dismissed.  For the sake of clarity, the court dismisses alternative 1 within Count II.

**Derivative Actions**

In their motion to dismiss, the defendants argue that Duke DuVall's derivative actions fail as a matter of law. (Doc. 19 at 30.) More specifically, the defendants claim DuVall failed to allege he was a shareholder at the time of the wrongdoing and that DuVall failed to make a proper demand on the Board of Directors. (Id. at 30-32.) In response, DuVall argues that he has properly pled the derivative action. (Doc. 29 at 29-30.)

Defendants have moved to dismiss the derivative actions for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Under Bell Atlantic, a complaint must include enough facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A federal court considering a shareholder derivative suit must apply the substantive law of the state of incorporation. Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 108-09 (1991). In this case, the complaint alleges that EcoQuest International Holding Company (EcoQuest Holding) is a Delaware corporation and EcoQuest International, Inc. (EcoQuest International) is a Tennessee corporation. (Doc. 1 at ¶ 5.) Under the Federal Rules of Civil Procedure, a shareholder bringing a derivative action must allege in the complaint "that [he] was a shareholder or member at the time of the transaction of which [he] complains. . . ." Fed. R. Civ. P. 23.1. Delaware and Tennessee law have similar requirements. See Del. Code Ann. tit. 8, § 327; Tenn. Code Ann. § 48-17-401. Under Delaware law, "[i]n any derivative suit instituted by a stockholder of a corporation, it shall be averred in the complaint that plaintiff was a stockholder of the corporation at the time of the transaction of which [he] complains. . . ." Del. Code Ann. tit. 8, § 327. Under Tennessee law, a person may not file suit against a corporation "unless the person was a shareholder of the corporation when the transaction complained of occurred. . . ." Tenn. Code Ann. § 48-17-401(a).

In this case, DuVall alleges that he was a shareholder of EcoQuest International, but never alleges that he was a shareholder of EcoQuest Holding. (Doc. 1 at ¶¶ 241, 248.) Since DuVall has failed to allege

he ever owned stock in EcoQuest Holding, Counts IX and X against EcoQuest Holding are dismissed.

Tennessee law has several other requirements for pleading a shareholder derivative action. See Tenn. Code Ann. § 48-17-401. Beyond the requirement of owning stock, a shareholder derivative complaint "must be verified and allege with particularity the demand made, if any, to obtain action by the board of directors and either that the demand was refused or ignored or why the person did not make the demand." Tenn. Code Ann. § 48-17-401(b). Finally, Tennessee requires that the complaining shareholder must "fairly and adequately represent the interests of the shareholders or members similarly situated." Tenn. R. Civ. P. 23.06; Hall v. Tenn. Dressed Beef Co., 957 S.W.2d 536, 540 (Tenn. 1997). A shareholder may bring derivative and individual actions simultaneously. Hall, 957 S.W.2d at 540.

Tennessee courts have imposed the demand requirement for over a hundred years. Lewis on Behalf of Citizens Sav. Bank & Trust Co. v. Boyd, 838 S.W.2d 215, 221 (Tenn. Ct. App. 1992). That said, Tennessee law has recognized that the demand requirement should be excused where making the demand would be merely an "idle ceremony." Id. As a result, Tennessee divides derivative actions into "demand refused" cases and "demand excused" cases. Humphreys v. Plant Maint. Servs., Inc., No. 02A01-98-11-CV-00323, 1999 WL 553715, at *6 (Tenn. Ct. App. July 30, 1999). Demand refused cases are those in which the corporation's directors have refused to act in response to a shareholder's demand. Id. Demand excused cases are those in which a shareholder is not required to make a demand because doing so would be futile. Id. In a demand excused case, the shareholder's claims are based on the fact that (1) the board is interested and not independent and (2) the challenged transaction is not protected by the business judgment rule. Id.

To survive a motion to dismiss, a shareholder does not have to prove that the demand should actually be excused. Memphis Health Ctr., Inc. v. Grant, No. W2004-02898-COA-R3-CV, 2006 WL 2088407, at *10 (Tenn. Ct. App. July 28, 2006). Rather, a shareholder only needs to properly allege the elements of a demand excused case. Id. In Grant, the plaintiff's complaint alleged that any demand "would be futile in that

the Defendants have a direct interest in continuing to breach their fiduciary duty and violate the Bylaws and federal rules and regulations, and, therefore, are not independent." Id. Interpreting the demand requirement governing derivative actions against non-profit corporations, the Tennessee Court of Appeals found the plaintiff's complaint sufficient to survive the motion to dismiss. Id. The language of the demand requirement for non-profit corporations mirrors the language of the demand requirement for for-profit business corporations. Cf. Tenn. Code Ann. § 48-17-401(b) (for-profit corporations) with Tenn. Code Ann. § 48-56-401(c) (non-profit corporations).

In his complaint, DuVall alleges that he has been a shareholder of EcoQuest International since March 2003 and that "EcoQuest and [he] have been damaged in their capacity as shareholders." (Doc. 1 at ¶¶ 241, 246, 248, 252.) He also claims that he will fairly and adequately represent the interests of similarly situated shareholders. (Id. at ¶ 243.) Finally, DuVall alleges that he made a demand on the Board of Directors of EcoQuest, but the demand was futile for two reasons: (1) the defendants Michael Jackson and Nada Jackson and the Board of Directors are the majority and controlling stockholders; and (2) the claims asserted involve waste and conversion of corporate assets and self-dealing by the directors. (Id. at ¶¶ 242, 249.)

These allegations satisfy the two-part test for a demand excused case under Tennessee law. DuVall has alleged that the named defendants were controlling shareholders of EcoQuest and were involved in self-dealing. This claim properly alleges that the EcoQuest Board of Directors was interested and not independent. See In re J.P. Morgan Chase & Co. S'holder Litig., 906 A.2d 808, 820-21 (Del. Ch. 2005) ("Disinterested means that directors can neither appear on both sides of a transaction nor expect to derive any personal financial benefit from it in the sense of self-dealing. . . .") In addition, his allegations of waste, conversion, and self-dealing do not involve transactions protected by the business judgment rule. See HMG/Courtland Properties, Inc. v. Gray, 749 A.2d 94, 114 (Del. Ch. 1999) ("where classic self-dealing exists the business judgment rule automatically

falls by the wayside.") DuVall has therefore properly pled his derivative claims against EcoQuest International. Counts IX and X against EcoQuest International are not dismissed.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendants to alter or amend (Doc. 39) the order is granted as follows:

(a) The motion to dismiss (Doc. 37) Roy Keith is denied.

(b) The motion to dismiss Alternative 1 in Count II is granted. The motion to dismiss Count II in its entirety remains denied.

(c) The motion to dismiss EcoQuest International Holding Company is granted only as to Counts IX and X.

(d) The motion to dismiss EcoQuest International, Inc., as to Counts IX and X is denied.

In all other respects the order filed on August 14, 2007, remains in full force and effect.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 24, 2007.