```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


MILTON (DUKE) FRANCIS            )
DUVALL, III, and                 )
DUVALL MARKETING, INC.,          )
                                 )
           Plaintiffs,           )
                                 )
     v.                          )   No. 4:06 CV 1168 DDN
                                 )
ECOQUEST INTERNATIONAL, INC.,    )
ECOQUEST INTERNATIONAL HOLDING   )
COMPANY, MICHAEL JACKSON,        )
NATALIE (NADA) JACKSON,          )
DONALD BENNETT, MARC KLONER,     )
JACK WILDER, MITCHELL TOLLE,     )
LEE ROPER, ROY KEITH,            )
BEST INVESTMENTS a/k/a HRT       )
INVESTMENT, INC., NETWORK        )
ENTERPRISES, INC., CONJACK, INC.,)
a/k/a CONJACK ENTERPRISES, L.L.C.,)
MOUNTAIN EMPIRE PROPERTY, L.L.C.,)
M&N CONSULTANTS,                 )
                                 )
           Defendants.           )
```

**MEMORANDUM AND ORDER**

This action is before the court upon the motions of plaintiffs Milton Duke DuVall and DuVall Marketing, Inc. to join additional parties and for leave to file a third amended complaint. (Doc. 271.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 35.)

**I.   BACKGROUND**

Plaintiffs Milton Duke DuVall and DuVall Marketing, Inc. filed a 9-count complaint against the defendants alleging claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1967, and state law claims, seeking monetary damages and injunctive relief. (Doc. 266.) These claims are based on a number of factual allegations contained in the plaintiffs' ninety-three-page complaint. (Id.) Defendant EcoQuest International is a business that sells air purifiers, water purifiers, and nutritional products. (Doc.

71 at ¶ 27.) DuVall Marketing was one of its dealers. (See id. at ¶ 102.)

The plaintiffs allege that Michael Jackson, together with the other defendants, made several statements and representations about EcoQuest International that turned out to be false and/or fraudulent. In particular, the plaintiffs allege that the defendants represented that their business was experiencing double-digit growth, bonuses would be awarded, the company would be publicly traded, that Air Partners air-purifiers were based on sound science, that EcoQuest International based its business on Christian values, and that Duke DuVall would be awarded shares of stock, would have lifelong employment under a contract with a "poison pill" provision, and would earn $1 million a year. (Doc. 266 at ¶¶ 26, 34-38, 40-42, 44-46, 104-106, 109-110.) The plaintiffs allege that the defendants' assertions about the financial success and values of the company were false and misled them into working for the company. (See id. at ¶ 114.) Duke DuVall alleges he was never paid promised bonuses or awarded an employment contract, and that he was later threatened by the defendants in an effort to get him to resign. (Id. at ¶¶ 35, 54, 79-80.)

## II.   MOTION TO JOIN PARTIES AND AMEND THE COMPLAINT

The plaintiffs move to join Joseph Urso, Aerus Holdings, LLC, and DBG Group Investments, LLC, as additional defendants. The plaintiffs argue that on March 28, 2009, these three entities entered into an agreement to purchase EcoQuest assets, including the company's dealer downlines. The plaintiffs argue that this agreement reflects EcoQuest's policy of responding to lawsuits by creating new entities, to whom it can transfer company assets. Finally, the plaintiffs argue that during March and April of 2009, these three entities withheld commissions from DuVall Marketing, shut it out of the EcoQuest website, and canceled its dealership contract. The plaintiffs argue that these acts of fraud and extortion are similar to those alleged in the complaint. If the motion to join is granted, the plaintiffs seek leave to amend their complaint to reflect the allegations against these three defendants. (Docs. 272, 275.)

In response, the defendants argue that the transactions and occurrences related to the three new entities are completely unrelated to the transactions and occurrences underlying the second amended complaint.  The defendants argue that the actions alleged in the motion to join involve different parties and a different time period than those alleged in the second amend complaint.  They note that over three years separates the respective actions.  Finally, they argue that joining these parties will require more discovery, produce severe delays, and prejudice the existing defendants.  (Doc. 273.)

### III.  DISCUSSION

Rule 20 of the Federal Rules of Civil Procedure provides that different defendants can be joined in a single action as long as two conditions are met.  Fed. R. Civ. P. 20.  First, a right to relief must be asserted against each defendant "relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences."  Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).  Second, there must be some question of law or fact common to all the parties in the action.  Id.  The purpose of Rule 20 is to promote trial convenience, expedite resolution of disputes, and prevent multiple lawsuits from going forward unnecessarily.  Id. at 1332.

In this case, the allegations in plaintiff's motion for joinder are temporally distinct from the allegations contained in the second amended complaint.  The allegations in the motion for joinder concern a two-month period, dating from March to April of 2009, with a series of discreet events.  (Doc. 272 at 6.)  In contrast, the allegations in the second amended complaint concern a six-year period of misconduct, beginning in August 2000 and running up to June and July of 2006.  (See e.g. Doc. 266 at ¶¶ 196, 215, 256, 263.)  Given the nearly three-year time difference, the new claims cannot be considered to relate or arise out of the same transaction or occurrence as those events alleged in the second amended complaint.  See Smith v. Planned Parenthood of St. Louis Region, 225 F.R.D. 233, 245–46 (E.D. Mo. 2004); see also Giorgio Morandi, Inc. v. Textport Corp., 761 F. Supp. 12, 14 (S.D.N.Y. 1991)

("Late joinder of parties is disfavored for it tends to open up a Pandora's box of discovery.").

Indeed, the plaintiffs have requested leave to file a third amended complaint, were these three defendants to be joined.  (Doc. 272 at 9.)  Joining these defendants and adding further allegations would require reopening discovery and further delaying trial.  See E.E.O.C. v. Bobrich Enters., No. 3:05 CV 1928-M, 2007 WL 669547, at *2 (N.D. Tex. Mar. 6, 2007) (expressing similar concerns where a case was over three years old).  This action was filed nearly three years ago and the plaintiffs only recently filed a second amended complaint.  (Doc. 266.)  Given the potential for three more defendants, necessitating another amended complaint, further discovery, and further delay, the motion for joinder is denied.  See Bobrich, 2007 WL 669547, at *2 (noting the court has the "inherent power to control its docket").

## IV.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiffs Milton Duke DuVall and DuVall Marketing, Inc. for an extension of time for filing motion for leave to file third amended complaint (Doc. 270) is denied as mooted by the court's consideration of the said motion subsequently filed.

**IT IS FURTHER ORDERED** that the motions of plaintiffs to join additional parties and for leave to file a third amended complaint (Doc. 271) are denied.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 3, 2009.